**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY HENRY**<br><br>                **Plaintiff,**<br>     **v.**<br><br>**KENNETH S. SHAPIRO**<br><br>                **Defendant.** | :<br>:<br>:<br>:<br>:<br>: | **CIVIL ACTION**<br><br><br>**No. 09-3100** |

## <u>ORDER</u>

AND NOW, this 15th day of March, 2010, upon consideration of defendant's motion to dismiss plaintiff's first amended complaint [paper no. 9], plaintiff's response in opposition [paper no. 13], defendant's reply brief [paper no. 15], plaintiff's supplemental memorandum of law [paper no. 20], and defendant's reply in opposition [paper no. 23], following a hearing on February 23, 2010 where counsel for both parties were present and heard, and it appearing that:

a.      On June 9, 2009, defendant, Kenneth S. Shapiro, Esq. ("Shapiro"), filed a state court collection action on behalf of American Credit & Collections, LLC against plaintiff, Anthony Henry ("Henry"), in the Philadelphia Municipal Court.

b.      Defendant electronically filed a "Statement of Claim" alleging, in relevant part:

> In accordance with the Fair Debt Collection Practices Act 15 U.S.C.A. Sec 1692(e), on April 3, 2009, Plaintiff's counsel [Shapiro Law Office, P.C.] sent a written notice to Defendant [Anthony Henry] specifying (among other things) the amount of the debt, the name of the creditor to whom the debt is owed and a statement that unless the Defendant notifies the Plaintiff's counsel within the thirty-day period that the debt or any portion thereof is disputed, the debt would be assumed to be valid.  To date, Plaintiff's counsel has not received notifications from Defendant that the debt is disputed.

(See Def. Mtn to Dismiss, Ex. A [paper no. 9]).  Attached to the "Statement of Claim" as an exhibit was the written notice sent from the Shapiro Law Office, P.C. to Anthony Henry.  (Id., Ex. B).

c.      On July 13, 2009, plaintiff filed a complaint in federal court alleging that defendant's "Statement of Claim" violated provisions of the Fair Debt Collection Practices Act ["FDCPA"], 15 U.S.C. §§ 1692e ("False or Misleading Representations"), 1692f ("Unfair

Practices"), & 1692g ("Validation of Debts").[1]

d.     At oral argument on February 23, 2010, the court raised the issue of common law privilege for pleadings filed in court.  See General Refractories Co. v. Fireman's Fund Insurance Co., 337 F.3d 297, 311-12 (3d Cir. 2003) (judicial immunity extends to communications issued in the regular course of judicial proceedings which are pertinent, material, or essential to the exploration of legal claims); Greenberg v. Aetna Insurance Co., 235 A.2d 576, 577-78 (Pa. 1967) ("All charges, all allegations and averments contained in regular pleadings addressed to and filed in a court of competent jurisdiction, which are pertinent and material to the redress or relief sought . . . are absolutely privileged.").  Because the plaintiff's claim against defendant was premised on alleged improper statements appearing in a formal legal pleading, the court believed that common law privilege barred liability under the FDCPA.  The court granted plaintiff leave to file a supplemental memorandum of law addressing the issue.

e.     On February 23, 2010, plaintiff filed a supplemental memorandum citing relevant case law and arguing that FDCPA applied to the pleading involved in this case.  Two cited cases–Heintz v. Jenkins, 514 U.S. 291 (1995), and Piper v. Portnoff Law Associates, Ltd., 396 F.3d 227 (3d Cir. 2004)–were particularly persuasive.  In Heintz, the Supreme Court held that the FDCPA applies to lawyers engaged in debt-collection activity, even when that activity consists of litigation because: (1) a lawyer who regularly tries to collect debt through legal proceedings meets the Act's definition of a "debt collector," and (2) an earlier version of the statute which had an exception for attorneys collecting debts for others was repealed and not replaced.  514 U.S. at 294-95.  In Piper, the Third Circuit held the FDCPA applies to a law firm's attempt to collect an overdue water and sewage obligation on behalf of a municipality; attorneys who regularly engage in debt collection or debt collection litigation are covered by the FDCPA, and their litigation activities must comply with the requirements of that Act.  396 F.3d at 232.

f.     Based on this precedent, this court finds that the language of the FDCPA is broad enough to include the contents of  formal pleadings within its scope except where formal pleadings are explicitly exempted–15 U.S.C. §§ 1692e(11), 1692g(d).[2]

---

[1] Plaintiff's complaint also stated claims against two other attorneys and a limited liability corporation. Those parties reached a private settlement with plaintiff and were dismissed from this action on January 15, 2010, in accordance with Local Rule 41.1(b).

[2] Title 15 U.S.C. §§ 1692e(11) & 1692g(d) exempt formal legal pleadings from certain requirements of the FDCPA.  Under the FDCPA, a debt collector triggers notice obligations upon transfer of an initial communication to a consumer in connection with a collection of a debt.  Specifically, within five days of an initial communication, a debt collector must send a consumer written notice with (1) the amount of the debt, (2) the name of the creditor, and (3) statements about debtor's ability to dispute the debt, request verification, and obtain original creditor information.  15 U.S.C. § 1692g(a).  Failure to comply with this notice of debt provision is a violation of the FDCPA.  Formal pleadings are not considered initial communications because of the exemption in 15 U.S.C. § 1692g(d) ("A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).").

g.  Because the "Statement of Claim" is subject to the FDCPA, the court must analyze the communication under the least sophisticated debtor standard–the purpose of which is to ensure that the FDCPA protects all consumers, "the gullible as well as the shrewd." Brown v. Card Service Center, 464 F.3d 450, 453 (3d. Cir. 2006).  This is a less demanding standard than one that inquires whether a debt collection communication would mislead or deceive a reasonable debtor.  Campuzano-Burgos v. Midland Credit Management, Inc., 550 F.3d 294, 298-99 (3d Cir. 2008).  However, the least sophisticated standard does protect debt collectors from liability for "bizarre or idiosyncratic interpretations of collection notices" by preserving at least a modicum of reasonableness, as well as "presuming a basic level of understanding and willingness to read with care." Id. at 299 (quoting Rosenau v. Unifund Corp., 539 F.3d 218, 222 (3d Cir.2008).

h.  Plaintiff alleges that the "Statement of Claim": (1) unfairly influenced the tribunal with a statement that the debt was not disputed; (2) attempted to create a presumption of validity in a pleading to a tribunal; (3) created an impression or belief in the debtor that the failure to challenge the debt would be communicated to a tribunal during the trial; (4) suggested that the failure to challenge the debt's validity could be used in evidence against the debtor; (5) interposed issues in the Municipal Court case that were misleading and confusing to the debtor; (6) used phraseology in a pleading that served no purpose but to intimidate the debtor or chill his resolve to defend the action; (7) misrepresented the FDCPA to a court and/or the plaintiff in a verified pleading; and (8) misrepresented the character, amount, and legal status of the debt.

i.  Plaintiff's complaint against defendant is premised on a "bizarre and idiosyncratic" interpretation of the "Statement of Claim."  The least sophisticated debtor would interpret the challenged "Statement of Claim" language as a brief recitation of relevant facts

---

Under the FDCPA, debt collectors are prohibited from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.  15 U.S.C. § 1692e.  Title 15 U.S.C. §§ 1692e(1) – (16) describe conduct in violation of the prohibition against the use of false or misleading representations in connection with the collection of any debt.  Title 15 U.S.C § 1692e(11) states specific conduct that violates the general provision:

The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, *except that this paragraph shall not apply to a formal pleading made in connection with a legal action*. (Emphasis added).

Neither exception for formal pleadings applies to the instant matter.  Plaintiff does not allege a violation of the notice of debt provision in § 1692g(a), to which the § 1692g(d) exemption applies.  Nor does plaintiff allege a violation of § 1692e because of conduct prohibited by § 1692e(11).  The initial communication in this case was the written notice sent on April 3, 2009 by the Shapiro Law Office, P.C. (and later attached to the "Statement of Claim").  There is no dispute about the contents of the initial communication in this action.  Plaintiff's complaint is simply that the contents of the "Statement of Claim" was false, misleading, and unfair.

leading up to bringing suit.  The least sophisticated debtor would learn–as the document unequivocally states–that the law firm sent a written notice, and that the notice included: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; and (3) instructions on disputing the listed debt amount.  The least sophisticated debtor would also understand that the law firm had not received any response from the debtor disputing the debt.  Any confusion about the contents of the notice would be clarified by the actual notice attached to the "Statement of Claim."

j.      Contrary to plaintiff's contentions, nothing in the "Statement of Claim" suggests that the debtor assumed the debt, that the tribunal is bound by the law firm's assumption that the debt was valid because the alleged debtor failed to dispute it, or that the debtor's ability to defend against the suit has been compromised by its failure to respond to the notice.  Nowhere has the "Statement of Claim" misrepresented the FDCPA.  There is also no reasonable basis for believing that a tribunal would be influenced by mention of debt verification in the "Statement of Claim".  Under a least sophisticated debtor standard, there is nothing deceptive or misleading about the complained of "Statement of Claim."

It is **ORDERED** that:

1.      Defendant's motion to dismiss [paper no. 9] is **GRANTED.**

2.      The action is **DISMISSED with prejudice**.

3.      The Clerk is instructed to mark this matter **CLOSED**.

_____
/s/ Norma L. Shapiro

J.